Filed 7/12/23  In re J.H. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re J.H., a Person Coming Under the Juvenile Court Law. | B318348 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>              Plaintiff and Respondent,<br><br>v.<br><br><br>Jason H.,<br><br>              Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP03674A) |

APPEAL from orders of the Superior Court of Los Angeles County.  Mary E. Kelly, Judge.  Dismissed as moot.

Brian Bitker, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Avedis Koutoujian, Deputy County Counsel, for Plaintiff and Respondent.

————————————————

## INTRODUCTION

Appellant Jason H. (Father) challenges the juvenile court's jurisdictional and dispositional orders. The juvenile court asserted jurisdiction over J.H. after finding Father had a history of domestic violence with mother that put J.H. at risk of serious physical harm. It also found jurisdiction over J.H. based on T.D.'s (Mother) substance abuse and Father's failure to protect J.H.

Father appealed, contending that the evidence does not support the jurisdictional finding as to his domestic violence history and the dispositional order removing J.H. from his care.

While this appeal was pending, the juvenile court returned J.H. to Father. Because Father challenges the jurisdictional order in so far as it impacts the dispositional order removing J.H., we dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Father is the presumed father of J.H. J.H. was born in 2016.

DCFS filed a Welfare and Institutions Code section 300 petition on behalf of four-year-old J.H., alleging under subsections (a) and (b)(1) that Mother and Father had a history of engaging in violent verbal and physical altercations in the presence of J.H. The petition further alleged that Mother had a history of substance abuse including methamphetamine and amphetamine. The petition also alleged that Father failed to protect J.H. from Mother's substance abuse.

The juvenile court then ordered J.H. detained from both parents and granted monitored visitation.

2

At the December 2021 jurisdictional hearing, the juvenile court found that Mother's substance abuse rendered her incapable of providing care to J.H. The court further found that Father knew of Mother's substance abuse and failed to protect J.H. by allowing Mother to reside in the family home and have unlimited access to J.H.

The juvenile court further found that Father and Mother had a history of engaging in violent altercations in the presence of J.H. The court held that such violent conduct endangers J.H.'s physical safety and places J.H. at risk of serious physical harm.

At the January 28, 2022 dispositional hearing, the court declared J.H. a dependent and removed him from Mother and Father's care and custody. As part of his reunification services, the juvenile court ordered Father to participate in a domestic violence program, parenting education, and individual counseling.

This appeal by Father followed. Mother did not appeal.

On April 6, 2023, the juvenile court held a review hearing and found that releasing J.H. to Father would not be a detriment to J.H. The juvenile court then terminated its prior suitable placement order and ordered J.H. returned to Father's custody.

On June 6, 2023, this Court requested the parties to file supplemental briefing on whether Father's appeal is moot after the juvenile court returned J.H. to Father. Father failed to file a supplemental brief.

## DISCUSSION

### I.    Father's Appeal Is Moot.

We begin by addressing whether Father's appeal is justiciable. The juvenile court sustained counts against both Mother and Father. While Father challenges the sufficiency of the evidence as to the allegations related to domestic violence, he

3

makes no challenge to the jurisdictional findings of Mother's substance abuse and Father's failure to protect J.H. from Mother.

As our Supreme Court recently explained, an appeal becomes moot when there is no effective relief we can provide the appellant. (*In re D.P.* (2023) 14 Cal.5th 266, 276–278.) An appeal from a jurisdictional finding under Welfare and Institutions Code section 300 is not justiciable where "no effective relief could be granted . . . , as jurisdiction would be established regardless of the appellate court's conclusions with respect to any such [challenged] jurisdictional grounds." (*In re Madison S.* (2017) 15 Cal.App.5th 308, 329; *In re I.A.* (2011) 201 Cal.App.4th 1484, 1490.) Father does not challenge the jurisdictional finding that he failed to protect J.H. from Mother's substance abuse. (*In re Ashley B.* (2011) 202 Cal.App.4th 968, 979 ["[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate"].)

However, "a case is not moot where a jurisdictional finding affects parental custody rights [citation], curtails a parent's contact with his or her child [citation], or 'has resulted in [dispositional] orders which continue to adversely affect' a parent." (*In re D.P.*, *supra*, 14 Cal.5th at pp. 277–278.) On the other hand, where the parent fails to identify any "specific legal or practical consequence from [the challenged] finding, either within or outside the dependency proceedings," the appellate court may decide that no effective relief can be granted and dismiss the appeal as moot. (*In re I.A.*, *supra*, 201 Cal.App.4th at p. 1493; accord, *In re D.P.*, at p. 283.)

Here, Father argues that we should address the jurisdictional domestic violence findings because they were the basis for the dispositional order removing J.H. from his custody.

4

We decline to reach the merits of Father's jurisdictional challenge because we can provide him no effective relief. While this appeal was pending, the trial court returned J.H. to Father's care, which mooted the underlying dispositional order. This court then requested supplemental briefing to address whether the entire appeal was moot. Father did not file a supplemental brief. As Father regained custody of J.H. on April 6, 2023, we cannot afford him any relief. His appeal is therefore moot.

## DISPOSITION

Father's appeal is dismissed as moot.

VIRAMONTES, J.

We concur:

GRIMES, Acting P. J.

WILEY, J.

5